It pleases the court. My name is Gail Ivins and I'm here today representing defendant appellant Javid Naghani. At the at the crux of the problems which defendant alleged are presented by the conviction in this case is whether it was certain words and conduct which were the basis of conviction and the various acts determined or whether it was indeed all of the words and conduct including the conduct. I believe that it's clear from the briefing that if the jury had been asked to decide did the defendant utter the words you know I will kill all Americans or my people will kill all Americans we would not have the issues presented in this case. The problem here is that the government still in their view was smoking in the lavatory acting belligerently and ominously threatening and is it all three of those together or just any one of those and if it's any one of those then I believe the conviction is constitutionally and statutorily infirm. Smoking in the laboratory standing alone is not the type of conduct that a reasonable person would be on notice is prohibited under the statute and I think that we have provided the court with some information from case law and from FAA decisions to indicate that it clearly would invite discriminatory enforcement because in fact I certainly have not found any published criminal decisions of prosecuting someone for smoking in the laboratory setting off the smoke alarm who then did not engage thereafter on in any type of physically threatening or actually assaultive or battering conduct. How do you deal with Griffin versus United States? That would be in terms of legal versus factual? Right. Okay. The legal issues here if the jury found that he intimidated the stewardess in one of the examples given in closing argument where they intimidated when they heard the smoke alarm go off. If that conviction on that basis would be legally insufficient, not factually insufficient. I mean so this is not a question of were there three, I'm not making a unanimity argument. We had that earlier today, I'm not making that argument. The question is not if we had had three perfectly appropriate, if it had been he'd hit a stewardess, threatened to kill a stewardess or threatened to kill other people, if they had presented those three things and had gone to the jury with this sort of general jury instruction, I wouldn't have an argument. The problem here is those were not the three things. They were not three or more examples of quote unquote intimidation that were sufficient under the statute. Words alone, although this court did not specifically come out and actually issue a ruling on this in the decision under the previous statute, the court does discuss, I believe it's page 911, Mr. Tabaka argued that because the jury had acquitted on the assault charge, therefore it was only his language to the stewardess and therefore he couldn't be guilty. And this court addressed that issue by saying the fact that there was an acquittal does not mean the jury did not decide that there was an assault. And the discussion is about violence and threats of violence. And although I think that the government counsel and I have pretty much canvassed, I hope, the law under this statute, and it is sort of a limited universe of decisions, the specific facts here and the government trying to argue that belligerence alone would have been enough has not been recognized by any court, that the statute would cover that, that just yelling at a stewardess without any type of threat of some type of physical violence or interference with the airplane or interference with flying, that that would be enough. And, you know, the belligerent drunk, unfortunately, is a common occurrence in air travel. And also the belligerent smoker is a common occurrence. But just to be sure I understand, the instructions to the jury, it went to the jury that they had to find that the defendant intimidates a flight attendant or a flight crew member if the words and conduct of the defendant would place an ordinary reasonable person in fear. That's a true, correct statement of the law of intimidation under the statute. There was no objection. No objection. All right. In any event, that's what the court I'm not arguing that's not correct. All right. So the jury gets the case. And your view is that because the government, at least certainly the way it argued the case, divided the incidents up and communicated to the jury its theory, apparently, that even if they didn't find he had made this threat to kill all Americans or that it was made, nonetheless, what went on in the triggering incident, if you will, in the restroom was enough to meet the intimidates of flight attendant. And therefore, because of that possibility, that's an incorrect legal standard that the jury applied as opposed to simply taking facts, evidentiary facts, and some of which may have supported and some of which may have not. Yes, Your Honor. This is a legal insufficiency argument. And at page 40 of my briefing going on, I did actually delineate the specific examples given by the prosecutor during argument, which also discusses being threatened, you know, his threat to sue, which I also submit would be a legally insufficient basis. A threat to sue the airlines or the flight attendant would not be a sufficient basis for conviction under the statute. The discussion in the cases always comes back to threats of some type of violence or harm, not just mere belligerence. And I think that that's a very important distinction in this case and in any other case involving such a serious felony. You know, my client has been in jail since September 27th. He continues to be in jail. He's getting a 33-month sentence in this case. That in such a serious case when we're not going to send people off to just get a $1,000 fine from the FAA for smoking or smoking in a laboratory and being upset about it. Is this truly just about smoking? Isn't this a little bit different than just your normal smoking passenger when one refuses to acknowledge the instructions of a flight attendant who refuses to divulge where the ignition source is located, refuses to do more things, and basically stands there and says, you have to find it. I'm not going to do it, when there's an alarm going off when you're at 40,000 feet. Is that different than a person who sneaks a cigarette, gets caught, says I'm sorry, and I get fined for it? Isn't there a distinction here? It's definitely a distinction, which is why I've also come back to the word belligerent. I mean, no one's going to try to argue that Mr. Nagani was just the picture of appropriate behavior. And as to why, obviously the Court has before it the evidence of his blood alcohol level several hours after the flight was still a .20. I mean, he did not engage in appropriate behavior. He was argumentative. But you say that that conduct when he was smoking is not in and of itself intimidating. That's your position. That's correct. And his verbal exchange with the flight attendants when there's no threat involved, when he's not being either physically, I mean, at that point they have him sitting down, sitting down in the jump seat. And he's saying a lot of things, but unless he made the actual threat, it's my position that all the other things would be insufficient because there wasn't a threat of violence. Now, the government's position clearly is that smoking and setting off the smoke alarm and then lying about it and being difficult would be sufficient, that that's intimidation. Now, if the Court is going to make that holding, that would certainly be a new interpretation of the statute. Well, the statute makes criminal the conduct of lessening the ability of a member of a flight crew to perform those duties. Well, that's half of it, Your Honor. Well, I know. But that's not the only – intimidation is not the only element in that statute. Yes. Clearly, though, I mean, probably many of us in this room have lessened the ability of the flight crew to do their duty if we define their duty as, you know, a certain set of jobs and we ask for something that maybe isn't on the approved list. I mean, that half of the statute, clearly the fact that they had to talk to him at all and sit him down, you know, if – you know, setting aside my argument about sufficiency, which is a different piece of the statute. I'm trying to find out if there's a fire in the head. I take it that's a normal sufficient duty to hang your hat on. But doesn't the statute say it has to be by assaulting or intimidating? Yes. I'm saying that the half of it, clearly there's interference. I mean, I just – I'm not saying that many of these flight attendants did not have their duties interfered with. The question that I'm raising – How many do you need, though? You only need one, don't you? I only need one. So the problem is, were the people whose duties were interfered with, were they interfered with by having intimidation? They didn't charge the assault or the other language in the statute. We're very narrow on the statute here that was it by intimidation. And so the question is, you know, what interpretation is this Court going to give this in this case? This is different than a lot of the other cases where you could hang your hat on the threat of violence, grabbing the stewardess, pushing the stewardess. Those were different cases. And in this case, without a specific request, finding, jury instruction, limitation of the argument to did he or did he not make the threat, we are presented with a very different set of facts. And if merely not cooperating and being belligerent violates the statute, that will be an extension, I believe, of existing case law, and an incorrect one. And I would reserve the balance of my time for rebuttal if the Court has no further questions. Okay. Thank you. May it please the Court. Elizabeth Yang on behalf of the United States of America. Your Honors, the premise that underlies every one of defendant's claims here on appeal is that the jury could have convicted the defendant based on the simple act of smoking on an airplane. Okay. Before you launch into that, I just want to make sure that I understand the government's definition of the elements of intimidation. Yes, Your Honor. In your red brief, you say that the element of intimidation by its very nature clearly contemplates the use or threatened use of force. Okay. That is the standard by which we now have to judge whether these incidents met that standard, correct? A threatened use or threatened use of force. Within those parameters, that is correct. And if the acts and the words of the defendant either contemplate the use or the threatened use of force, that is the government's position that would constitute intimidation. Okay. So if you can now address how this course of conduct met that. Your Honor, I would like to address the intimidation. As it's made clear in the record and as the defendant concedes in the opening brief, throughout the course of this trial, the government presented evidence and argued that it was the defendant's entire course of conduct, his words and his actions, that constituted intimidation. Now, the defendant makes a great deal about the fact that this threat to kill all Americans, I will kill all Americans or my people will kill all Americans, was not proven. That is not supported by the record. You have the testimony of the two flight attendants who were in the rear galley area of the plane during this entire incident, one 5 feet away, one no more than 8 feet away. Both who testified did not waver in their testimony either on cross-examination, redirect or recross. Defendant, they clearly heard the defendant say, blank, will kill all Americans. Now, the defendant also testified at trial and he denied making that statement. But as this Court is aware, it is the exclusive province of the jury to determine the credibility of the witnesses and to assign appropriate weight to the evidence that's presented. And in this case, as the district court found in the sentencing, because of the verdict, the jury clearly did found that that threat was made. How do we know that? We say it was clearly found. Pursuant to the district court's finding at the sentencing, he stated at excerpts of record 462 to 463, with respect to the denial of those further allegations of statements made, which the jury have found to be obviously true because there is a conviction in the verdict, there is a denial with regard to all those other statements made by the defendant. So we're bound by the district court's interpretation of what the jury must have found, given the instructions and the argument that was made to it? We are not bound by the district court's finding, but I'm merely presenting it as guidance to this Court. Given the weight of the evidence that was presented by the government, given the very clear jury instructions, which were not objected to as being misstatements of the law by defense counsel, and given the fact that intimidation, the government argued throughout the case, was actions and words. But this case went to the jury, right? It did, Your Honor. All we're looking for is, does the record reflect some evidence upon which a jury could agree there was intimidation? Absolutely, Your Honor. Is that not the standard? I don't care what the district court thinks. I don't particularly care what my colleagues think. I'm going to look at the record. If I find it there, fine. If I don't, then you've got a problem. Yes, Your Honor. Isn't that the test? Your Honor is absolutely correct. On review, in terms of a sufficiency of the evidence standard, you look at the record. You know, as the standard was stated to you earlier, which you are very well aware of, based on the evidence that's currently before you, there was ample evidence that the defendant threatened, made the threat to kill all Americans. But the government just wants to make clear, that was not the entire basis of its argument, that that was intimidation alone. And pursuant to, let me address actually defendant's argument on the multiple grounds argument. Defendant attempts to characterize this as a Griffin error, and it is not. As this Court is well aware, under Griffin, a general guilty verdict can only be set on a legally insufficient ground, not an evidentiary insufficient ground. And the Supreme Court stated at 59, 502 U.S. 59, quote, the term legal error means a mistake about the law, as opposed to a mistake concerning the weight or the factual import of the evidence. As Judge Fisher noted to defense counsel, at trial, the Court appropriately instructed the jury on what constitutes the element of intimidation. I won't repeat that for the Court here, but the judge did clearly state it is the acts and the words that would put an ordinary reasonable person in fear. Now here, defendant doesn't contend that was a misstatement, and at the trial level, the defendant did not contend that that was a misstatement. And pursuant to the Court's instructions, the jury could therefore have found that the defendant intimidated the flight attendants based on his entire course of conduct, beginning with the smoking in the bathroom, belligerent conduct, and the threats that he made to the flight attendants. And defense counsel can see that. Kennedy. Would it have been possible for this jury, under the instructions and the argument to have found him guilty based on the argument made to the jury that, at least it seems arguable that the jury was, it was argued to the jury that even if they didn't find the threat about killing all Americans, it was enough from his course of conduct within the restroom, from the smoking and the like. Would that have been enough? Your Honor, because we had a valid legal theory, it was the valid legal theory that actions and words cause intimidation. If the jury in that case... Well, it's not just actions. I mean, you said it had to be actions and word which total up the use or threatened use of force. If the jury found that it was solely smoking... Yes. That would not be factually sufficient, but it would be legally sufficient. That was up to the jury's determination. The jury is presumed to follow the court's instructions, as this Court is well aware. And one must presume that the jury did. This is not a type of case such as Richardson in which a jury is charged with unanimously agreeing on certain findings to support a verdict. Here the jury was only charged with unanimously finding three elements. One, was the aircraft in a special aircraft jurisdiction in the United States? Two, did the defendant, through his actions and words, intimidate the flight attendants? And three, by so intimidating them, did he interfere or hinder the performance of their duties? Now, with regard to the intimidation element, they were only required to agree that the defendant's actions and or words did intimidate the flight attendants. Now, even if the jury happened to parse the incident into separate moments, the smoking, the belligerence, the anti-American threats, even if the jury did that, that would not undermine the conviction here. Again, they were charged with unanimously deciding intimidation. And if they decided that the defendant's conduct in smoking the lavatory and being totally uncooperative with the flight attendants was sufficient for intimidation, the jury's verdict must stand. I'm a little curious about that. If this had been put to the jury without the threat to kill all Americans, you're saying that that would have been okay? If the jury concluded under an intimidation instruction that that course of conduct would have met the intimidation standard? Given the evidence that was presented, I'm sure. Assuming it was never alleged that he said, it was never part of the case that he said he would kill all Americans, just that the government indicted and prosecuted him for his belligerent behavior, however characterized, in the bathroom and in his statement, I'm going to, I'm the president of a big company, I'm going to sue your airline and sue you and so on and so forth. You're saying that if then instructed on intimidation as in the terms that the court used, that that would have been sufficient to sustain a conviction for intimidation? Your Honor, given the type of conduct that the defendant engaged in, of course, assuming that the anti-American threat was never made, but assuming that everything else that came out of the testimony did occur, belligerents refusing to cooperate, not telling them where the butt was, there could be a fire on board, threatening to see them, threatening you don't know who I am, making all of these sorts of threats. Yes, it is the government's position, but based on the jury instruction, which is a correct statement of the law, the jury could have found intimidation. And you think that's a clear notice from the instruction, which is really the statute itself, that a reasonable person would know that if they're obstreperous when caught smoking in the bathroom, that they can be sent to jail for use and threatened use of force? Absolutely, Your Honor. The 49 U.S.C. 46504 explicitly prohibits conduct that either intimidates, explicitly prohibits conduct that intimidates or an assault. The statute explicitly prohibits intimidation, and an ordinary person, a person of ordinary intelligence should understand that if you violate airline safety regulations. But you just said intimidation. That's why I asked you at the beginning. Intimidation includes, encompasses the use or threatened use of force. That's because you said that's the legal gloss that's put on that language of intimidation. And given the defendant's conduct and words apart from the anti-American comment, it is the government's position that that did amount to threatened use of force. He was verbally assaulting and threatening the flight attendant to leave him alone, to let him do what he wanted to do. Does assaulting mean verbal assault or physical assault? Your Honor, under the statute, all case law that has interpreted that provision has always dealt with a physical assault. That's what I thought. That's the common law definition of assault. Absolutely. Most of the cases, though, that deal with the intimidation problem, at least in the United States versus Hicks, which is a Fifth Circuit case, that case is much similar to here. In that case, the defendant did not assault, he did not commit a battery, or did not make any direct threats towards the flight attendant. But in that case, it was found that he also wouldn't abide by airline safety regulations, and he was angry and he made profane remarks to the flight crew. That constitutes intimidation. And that's a similar case here. I guess every drunk that gets on the airplane is intimidating, right? Well, Your Honor, intoxication, as you know, is not a defense to this crime, a defense to this crime. And in this case, it went beyond mere intoxication.  I think it's pretty clear that the issue here is, since it can't be an assault, is what intimidation means and encompasses. And I think Your Honor was correct when you previously said that based on the record, the evidence is more than sufficient for a jury to have found that the defendant,    is what intimidation means and encompasses. I don't quite understand the defense argument being sufficiency of the evidence. I think that goes to the next level, or maybe it's the level before that, which is to say that it's improper to put to the jury under this statute and under the law standards of intimidation that the jury was put to it that they could convict for something less than the actual threatened use of force because of the way the case was structured and it went to it. Your Honor, that comes back to my original point. It's not a sufficiency of the evidence. It's a question of whether if they decided not to buy the assault, what's left over is not, doesn't meet the legal standard of intimidation. Your Honor, based on my previous point, that's not Griffin error. And that is what a defendant is attempting to argue. No, I understand. That's what you're saying. Okay. You can finish your thought. I understand your position on Griffin. So in terms of the evidence that was presented, and the government, I just would like to make clear that a careful review of the record shows that through the testimony as well as the argument, government at no point said, if he only smoked alone, you can find that he was guilty of everything. The government did in closing do a kind of go through the series of events. At this point, could that have intimidated flight attendants? Yes. At this point, could that have intimidated flight attendants? Yes. But the government in its closing very clearly stated at excerpts of record 384 and 388 that the jury should not look at each act or word in isolation, but that the jury should consider the totality of his conduct while on board flight 792 on September 27th of 2001. That was what page? Excerpts of record 384 as well as 388. And if Mr. Honors has any further questions, the government can submit. All right. Thank you. The government cites to Hicks, which is the case where they had the boom box in the seat with them and the flight attendant several times said, excuse me, you're interfering with the navigational equipment. We can't fly the plane. And that is sort of the furthest out, I believe, that any court has gone in defining what is intimidation without some, you know, actual physical battery. And I think that this would push it much further out than it has. You don't have a physical battery. You've got an assault, don't you? I'm working on the assumption if we had a case where the jury found specifically the threat was made, we wouldn't be having this discussion. So the government is correct. My arguments are based on the legal ambiguity and, therefore, the possible legal insufficiency in the verdict. And, you know, the jury may or may not have found that he made that threat. The problem is if they found that the words in conduct, as listed in the series of examples that the government gave during closing, that intimidated was smoking the smoke alarm and his statement, you know, I didn't do it, that that was legally insufficient. There was, just to be clear, I don't want the court to be confused about my own sufficiency argument. That was the narrow sufficiency argument that, you know, because the statute requires intentional intimidation, even though the interference is, there's no intent requirement as to intent to interfere. The intentional intimidation, my argument is that any intentional intimidation was directed to Mr. Dubesky, the purser, and there was no evidence presented that his duties were interfered with. So that's the narrow sufficiency argument. The rest of the argument is a multiple grounds argument. And the government counsel during their argument said, again, something about could have, and that is the fundamental problem. The jury could have made a lot of a different decision. But if they made a decision based solely on his threat to sue or his smoking and threat to sue, that's legally insufficient and the conviction should be reversed. Okay. Thank you. The case just argued and submitted. And we will stand in recess for the day. We thank counsel again for very good arguments. All rise.
judges: Beezer, Fisher, England